UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN CONNOR,

        Plaintiff,        Case No. ____

v.

        Hon. ____

DELTA AIR LINES, INC.,

        Defendant.
_____/

| COCHRAN, FOLEY & ASSOCIATES, P.C. | JAFFE RAITT HEUER & WEISS, P.C. |
|---|---|
| By:   Terry L. Cochran (P35890) | By:   Scott R. Torpey (P36179) |
| Attorneys for plaintiff |        William D. Adams (P54404) |
| 15510 Farmington Rd. | Attorneys for Delta Air Lines, Inc. |
| Livonia, MI 48154 | 27777 Franklin Road, Suite 2500 |
| (734) 425-2400 | Southfield, MI 48034 |
| tcochran@cochranfoley.com | 248-351-3000 |
| | 248-351-3082 |
| | storpey@jaffelaw.com |
| | wadams@jaffelaw.com |

_____/

**DEFENDANT'S NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that defendant Delta Air Lines, Inc. ("Delta"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1367(a), hereby removes the state court action entitled *John Connor v. Delta Air Lines, Inc.*, Civil Action No. 12-010039-NO, from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan.

      I.      INTRODUCTION

      On or about July 30, 2012, plaintiff John Connor filed suit in the Circuit Court of Wayne County, Michigan, against Delta Air Lines, Inc. ("Delta"). (*See* **Exhibit 1**: Plaintiff's Complaint and Jury Demand.) Plaintiff has stated a few negligence theories against Delta for injuries that he alleges occurred on December 18, 2011, when a beverage cart or tray allegedly came loose during take-off and struck plaintiff's knee and foot. Plaintiff seeks an unspecified amount over

1

$25,000.00 for "serious impairment of bodily function," claiming severe injury to his knee and back, and seeking to recover monetary damages for the following: pain, suffering, and mental anguish; embarrassment and humiliation; loss of enjoyment of social and recreational activities; economic losses, including but not limited to medical expenses; and other unspecified damages (**Exhibit 1**, ¶ 28.)

Plaintiffs served a summons and copy of the complaint on Delta on or about July 30, 2012.

## II. DIVERSITY JURISDICTION

28 U.S.C.A. § 1441(a) authorizes removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Original jurisdiction of this action exists pursuant to 28 U.S.C. A. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between citizens of different states. *See* 28 U.S.C.A. § 1332(a)(1).

### A. Plaintiff Is Seeking In Excess of the Jurisdictional Amount

The removing party bears the burden of satisfying the amount in controversy requirement of 28 U.S.C.A. § 1332. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). When a plaintiff seeks "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (citation omitted).

The amount in controversy plaintiff seeks is, more likely than not, above the federal diversity jurisdiction amount of $75,000.00. Plaintiff alleges that, as a result of the negligence of Delta, he was struck by an unsecured beverage cart and allegedly incurred serious impairment of bodily function, due to injury to his knee and back. He seeks to recover for pain and suffering,

medical expenses, mental anguish, embarrassment and humiliation, economic losses (presumably wage losses and medical expenses), and loss of enjoyment of social activities. It is more likely than not, as a result of alleged severe injuries to plaintiff's knee and back and past and future medical expenses and purported serious impairment of bodily function, in combination with plaintiff's request for damages relating to pain and suffering, humiliation and embarrassment, and loss of enjoyment of life activities, that plaintiff seeks more than $75,000.00. Therefore, it more likely than not that the federal diversity jurisdictional amount-in-controversy requirement of more than $75,000.00 is met in this case.

  **B. There Exists Complete Diversity of Citizenship**

There is complete diversity of citizenship among plaintiff and the Delta under 28 U.S.C. § 1332(a)(1). Plaintiff claims he is a resident of Wisconsin. (**Exhibit 1**, ¶ 1.) Delta is a Delaware for-profit corporation that maintains its principal place of business in Atlanta, Georgia. Therefore, there is complete diversity of citizenship among the parties.

  **II. DELTA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Furthermore, venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Michigan is the district court embracing the Michigan county in which the removed action was pending. See E.D. Mich. L.R. 83.10 (a).

Pursuant to 28 U.S.C. § 1446(d), Delta will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this notice on plaintiff. Delta will also file a copy of all additional papers in the state court record, if any, with this Court.

By filing this Notice of Removal, Delta does not waive, and hereby reserves, its right to assert any and all objections and defenses to plaintiff's complaint, including but not limited to all objections and defenses relating to service of process and venue.

WHEREFORE, Delta Air Lines, Inc., respectfully removes this action from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

JAFFE RAITT HEUER & WEISS, P.C.

By: /s/Scott R. Torpey (P36179)
William D. Adams (P54404)
Attorneys for Delta Air Lines, Inc.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com
wadams@jaffelaw.com

Dated: August 14, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Terry L. Cochran – tcochran@cochranfoley.com

/s/Scott R. Torpey (P36179)
William D. Adams (P54404)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
248-351-3000
248-351-3082 (Fax)
storpey@jaffelaw.com
wadams@jaffelaw.com

# EXHIBIT 1

STATE OF MICHIGAN



IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN CONNOR,

    Plaintiff,

-vs-

DELTA AIR LINES, INC.,
Foreign Corporation

    Defendant.

CNOR, JOHN v DELTA AIR LINES, I
1. Daniel P. Ryan      07/30/2012

12-010039-NO

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
JUL 30 2012
BY

---

COCHRAN, FOLEY & ASSOCIATES, P.C.
BY: **TERRY L. COCHRAN, P35890**
Attorney for Plaintiff
15510 Farmington Road
Livonia, MI 48154
(734) 425-2400; (734) 425-7885 – fax
tcochran@cochranfoley.com

## COMPLAINT AND JURY DEMAND

There was a prior civil action pending in Wayne County Circuit Court that arises out of the transaction or occurrence alleged in this complaint pending before the Honorable Daniel P. Ryan with Case No.: 12-007146-NO that was dismissed without prejudice.

NOW COMES the above-named Plaintiff, John Connor, by and through counsel, Cochran, Foley & Associates, P.C., and complains against Defendant, Delta Air Lines, Inc. (hereinafter "Delta Air Lines"), as follows:

## COUNT I
## COMMON ALLEGATIONS

1. Plaintiff, John Connor, is a resident of New Lisbon, County of Juneau, and State of Wisconsin.

2. Defendant, Delta Air Lines, Inc. is a foreign corporation in the business of providing commercial air transportation to individuals in the County of Wayne, State of Michigan with

1

registered agent *CSC-Lawyers Incorporating Services (Company), 601 Abbot Road, East Lansing, MI 48823*

3. The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney's fees.

4. Jurisdiction exists in this Court because the Defendant, Delta Air Lines, does a significant amount of business in Wayne County and the incident occurred in Wayne County.

5. On or about December 18, 2011, Plaintiff, John Connor, was a passenger on Defendant Delta Air Lines' flight number DL4208 from Detroit Metro Airport (DTW) to an airport in Madison Wisconsin.

6. Prior to takeoff, on flight DL4208, a beverage tray with canned drinks was not properly secured by the Defendant Delta Air Lines' flight crew.

7. During take-off the improperly secured beverage tray became dislodged.

8. The dislodged beverage tray slammed into the seated Plaintiff John Connor's knee and foot.

9. As a result of the negligent action and inaction by the Defendant Delta Air Lines' flight crew the Plaintiff, John Connor, suffered serious impairments of bodily function.

10. At all relevant times, Defendant, Delta Air Lines, employed the flight crew.

**WHEREFORE**, Plaintiff, John Connor, respectfully requests this Court to award damages against Defendant, Delta Air Lines, in an amount in excess of Twenty-Five Thousand Dollars ($25,000), plus interest, cost and attorney fees.

## COUNT II
## NEGLIGENCE AND STAUTORY VIOLATION

11. Plaintiff, John Connor, incorporates by reference each and every preceding Count as if fully stated herein.

12. At all relevant times, Defendant, Delta Air Lines, was vicariously liable for the flight crew's negligent actions and inactions.

2

13.     At all time stated herein, Defendant, Delta Air Lines, owed Plaintiff, John Connor, certain duties as a passenger on flight DL4208 to exercise reasonable care pursuant to MCL 259.180a and breached said duties proximately causing serious personal injuries to Plaintiff, John Connor, by way of illustration and not limitation:

   a. Failure to properly secure the beverage tray.
   b. Failure to properly train its flight crew on proper procedures to secure beverage tray during takeoff.
   c. Failing to properly ensure that the beverage tray and securing mechanisms were properly functioning to prevent the tray from becoming dislodged during takeoff.
   d. Failing to properly ensure that the beverage tray and securing mechanisms were properly maintained and functioning.
   e. Failing to inspect the beverage tray and securing mechanisms to ensure proper functionality.
   f. Failing to use the beverage tray properly causing the tray to become dislodged during takeoff.
   g. Failing to employ individuals that were able to perform the necessary tasks to ensure that the beverage tray was properly secured on flight DL4208.

14.     Michigan Law, specifically, MCL 259.180a, imposes liability on the owner of an airline for the negligent operation of the airline.

15.     MCL 259.180a states that the "owner or operator or the person or organization responsible for the maintenance or use of an aircraft shall be liable for any injury occasioned by the negligent operation of the aircraft, whether the negligence consists of a violation of statute, or in the failure to observe ordinary care in the operation of the aircraft, as the rules of the common law require."

16.     Defendant, Delta Air Lines, negligently operated the aircraft causing injury to the Plaintiff, John Connor, violating MCL 259.180a.

17.     As a direct and proximate result of Defendant, Delta Air Lines's negligence and violation of statute MCL 259.180a and breach of the aforementioned duties, Plaintiff, John Connor, sustained serious personal injures more fully described herein.

WHEREFORE, Plaintiff, John Connor, respectfully requests this Court to award damages against Defendant, Delta Air Lines, in an amount in excess of Twenty-Five Thousand Dollars ($25,000), plus interest, cost, and attorney fees.

## COUNT III
## RES IPSA LOQUITUR

18. Plaintiff, John Connor, incorporates by reference each and every preceding Count as if fully stated herein.

19. At all relevant times, Defendant, Delta Air Lines, was vicariously liable for the flight crew's negligent actions and inactions.

20. Defendant, Delta Air Lines, flight crew improperly secured the beverage tray and locking mechanism.

21. The improperly secured beverage tray became dislodged during takeoff and was thrown forward into the seated Plaintiff John Connor.

22. The dislodging of a beverage tray does not ordinarily occur in the absence of someone's negligence during takeoff.

23. The dislodged beverage tray was in exclusive control of the Defendant Delta Air Lines' flight crew on flight number DL4208.

24. The Plaintiff, John Connor, did not contribute or perform any voluntary actions to cause the beverage tray to become dislodged during takeoff.

25. The evidence of the true explanation of the dislodgement of the beverage tray is more readily accessible to Defendant, Delta Air Lines, than to Plaintiff, John Connor.

26. As a direct and proximate result of Defendant Delta Air Lines' negligence and breach of the aforementioned duties, Plaintiff, John Connor, sustained serious personal injuries more fully described herein.

**WHEREFORE**, Plaintiff, John Connor, respectfully requests this Court to award damages against Defendant, Delta Air Lines, in an amount in excess of Twenty-Five Thousand Dollars ($25,000), plus interest, cost, and attorney fees.

## COUNT IV
## DAMAGES AND INJURIES

27. Plaintiff, John Connor, incorporates by reference each and every preceding Count as if fully stated herein.

28. As a result of the above-described negligent act, Plaintiff, John Connor, sustained serious personal injuries and impairment of bodily function which Defendant, Delta Air Lines, is obligate to pay, by way of illustration and not by way of limitation:

   a. Injury to the knee; and
   b. Injury to the Back; and
   c. Pain, suffering, and mental anguish; and
   d. Embarrassment and Humiliation; and
   e. Lost enjoyment of social and recreational activities; and
   f. Economic losses, including, but not limited to, medical expenses;
   g. Other damages and injuries that may be revealed in the course of the discovery process.

**WHEREFORE**, Plaintiff, John Connor, respectfully request this Court to award damages against Defendant, Delta Air Lines, in an amount in excess of Twenty-Five Thousand Dollars ($25,000), plus interest, costs and attorney fees.

_____
COCHRAN FOLEY AND ASSOCIATES, P.C.
BY: TERRY L. COCHRAN, P35890
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
(734) 425-2400

Dated: July 16, 2012

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JOHN CONNOR,

   Plaintiff,

-vs-

DELTA AIR LINES, INC.,
Foreign Profit Corporation

   Defendant.

Case No.: 12-  -NO
Hon.

_____/

| COCHRAN, FOLEY & ASSOCIATES, P.C. |
|---|
| BY: **TERRY L. COCHRAN**, P35890 |
| Attorney for Plaintiff |
| 15510 Farmington Road |
| Livonia, MI 48154 |
| (734) 425-2400; (734) 425-7885 – fax |
| tcochran@cochranfoley.com |

## JURY DEMAND

  NOW COMES the above named Plaintiff, John Connor, by and through counsel, Cochran, Foley & Associates, P.C., and hereby demands trial by jury of the facts and issues of the subject litigation.

            */s/ Terry L. Cochran*
            COCHRAN FOLEY AND ASSOCIATES, P.C.
            BY: TERRY L. COCHRAN, P35890
            Attorney for Plaintiff
            15510 Farmington Road
            Livonia, Michigan 48154
            (734) 425-2400

Dated: July 16, 2012